**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LARKEN ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-cv-00033-AGF |
| ) | |
| PURE BEAUTY INSTITUTE OF ) | |
| COSMETOLOGY AND SALON LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Larken Alexander for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the financial information submitted in support, the Court finds that the motion should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, plaintiff will be directed to submit a copy of his charge of discrimination within thirty days. Finally, the Court will deny plaintiff's motion for appointment of counsel.

**Discussion**

Plaintiff is a self-represented litigant who brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* In his complaint, he alleges employment discrimination and retaliation. "In order to initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter." *Stuart v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000).

Although plaintiff has attached a right-to-sue letter to his complaint, he has not provided the Court with a copy of his charge of discrimination. Consequently, the Court will order the plaintiff to supplement the complaint by submitting a copy of his charge of discrimination within

thirty (30) days of the date of this order so that the Court may ascertain whether plaintiff's claims in his complaint are like or reasonably related to the claims outlined in his charge. *See Duncan v. Delta Consolidated Indus., Inc.*, 371 F.3d 1020, 1024 (8th Cir. 2004). If plaintiff fails to submit his charge of discrimination within thirty (30) days, the Court will dismiss this action without prejudice and without further notice.

## Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff shall submit a copy of his charge of discrimination within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that plaintiff's failure to comply with this Court's order will result in the dismissal of this action without prejudice and without further notice.

Dated this 10th day of July, 2020.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE